# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Minh Khac Nguyen, | No. CV-25-03958-PHX-DJH (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Fred Figueroa, et al., | |
| Respondents. | |

Petitioner filed this Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief on the evening of October 22, 2025. (Doc. 1.) Petitioner sought emergency injunctive relief to prevent his alleged imminent removal claiming that his detention and removal are unlawful because he is a United States citizen by operation of law. The Court ordered expedited briefing on the request for injunctive relief and set a hearing for November 6, 2025. (Doc. 7.) Following briefing on the motion, Petitioner sought to reset the preliminary injunction hearing. (Doc. 16.) The Court will transfer the Petition to the Ninth Circuit Court of Appeals.

## I.    Background

Petitioner came to the United States in 1975 under the care of his adoptive parents. Petitioner became a lawful permanent resident in the 1970s. Then, on April 20, 1999, Petitioner was ordered removed. Petitioner alleges, however, that on July 3, 1979, his adoptive mother became a naturalized United States citizen. Because Petitioner was 17 years of age and residing with his adoptive parents, he alleges he automatically became a

United States citizen under former Immigration and Nationality Act § 320, thereby rendering his removal order void. Petitioner argues he is entitled to a judicial determination of citizenship under 8 U.S.C. § 1252(b)(5) and a stay of removal.

## II.    Legal Standards

In the Ninth Circuit, "Petitioners seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the Petitioners' favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]' s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). District courts are directed to screen habeas corpus petitions before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[1]  *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241.  *See* Rule 1(b), foll. 28 U.S.C. § 2254.

- 2 -

authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

Habeas corpus review in federal district court is not available, however, for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[2] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

## III.    Discussion

Petitioner fails to state a claim for habeas corpus relief.  While Petitioner raises a colorable claim for citizenship, his challenge to the execution of a final removal order "arise[s] from" an "action" or a "proceeding" brought in connection with Petitioner's removal (8 U.S.C. § 1252(b)(9)), or from "the decision or action" to "execute removal orders against" Petitioner (8 U.S.C. § 1252(g)). *See American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 492 (1999) (interpreting Section 1252(g) to foreclose judicial review over the Immigration and Naturalization Service's decision to commence proceedings, adjudicate cases, or execute removal orders); *see also Ma v. Holder*, 860 F. Supp. 2d 1048, 1062 (N.D. Cal. 2012) (finding that the district court lacked jurisdiction under Section 1252(g) to stay a removal pending the BIA's decision on a motion to reopen); *Lopez v. Dep't of Homeland Sec.*, No. CV 10-7929 AG (JC), 2010 WL 4279314, at *1 (C.D. Cal.

---

[2] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

- 3 -

Oct. 21, 2010) (finding that the district court did not have jurisdiction over a habeas claim challenging the immigration judge's denial of a motion to stay); *Mejia-Espinoza v. Mukasey*, No. CV 08-7884 FMC (PLA), 2009 WL 235625, at *3 (C.D. Cal. Jan. 27, 2009) (finding that the district court lacked jurisdiction over a request to stay removal during the pendency of a motion to reopen before the BIA).

Respondents correctly state that Petitioner must raise his citizenship claim through a petition for review in the Ninth Circuit Court of Appeals. Petitioner's reliance on 8 U.S.C. § 1252(b)(5) is misplaced because the district court decides citizenship claims only upon transfer from the court of appeals.[3] *See* 8 U.S.C. § 1252(b)(5)(B) ("If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court . . . ."). Petitioner should have filed this action in the Ninth Circuit Court of Appeals as a petition of review seeking a citizenship determination. Accordingly, the Court will transfer this action to the Ninth Circuit Court of Appeals.

**IT IS ORDERED:**

(1)    Petitioners' Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody (Doc. 1) is **TRANSFERRED** to the Ninth Circuit Court of Appeals as a Petition for Review under 8 U.S.C. 1252(a)(5).

(2)    All pending motions are denied as moot.

Dated this 18th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

[3] Petitioner's attempt to distinguish *Iasu v. Smith*, 511 F.3d 881 (9th Cir. 2007) is misplaced. Petitioner states "Iasu acknowledged that Congress 'left intact 8 U.S.C. § 1252(b)(5) regarding nationality claims.'" *Id.* at 888. But, again, a claim under § 1252(b)(5) must be first presented to the court of appeals and then transferred to the district court.